ROBERT A. COCCHIA (Bar No. 172315)
robert.cocchia@dentons.com
PETER Z. STOCKBURGER (Bar No. 265750)
peter.stockburger@dentons.com
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, California 92121
Telephone: (619) 236-1414
Facsimile: (619) 232-8311

Attorneys for Defendant
ALTISOURCE SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH COLLINS, on behalf of himself and others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALTISOURCE SOLUTIONS, INC., and DOES 1-50,<br><br>                    Defendants. | Case No. '18CV2185 JM   RBB<br><br>[San Diego County Superior Court Case No. 37-2018-00039611-CU-OE-CTL]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441** |

- 1 -

1

# **TABLE OF CONTENTS**

2
**Page**

3   LIMITED PURPOSE ...................................................................................6

4   BACKGROUND .........................................................................................6

5   TIMELINESS OF REMOVAL ....................................................................8

6   VENUE ........................................................................................................8

7   JURISDICTION ...........................................................................................8

8   DIVERSITY OF CITIZENSHIP..................................................................9

9   Plaintiff's Citizenship ................................................................................9

10  Defendant's Citizenship............................................................................10

11  AMOUNT IN CONTROVERSY ...............................................................10

12  COMPLIANCE WITH 28 U.S.C. § 1446.................................................13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adkins v. J.B. Hunt*,
293 F. Supp. 3d 1140 (E.D. Cal. 2018) ................................................................. 11

*Avila v. Quest Nutrition, LLC*,
No. BC585391, 2018 WL 3610297 (June 1, 2018) ............................................ 12

*Beauchamp v. Kaiser Foundation Hospitals*,
Nos. RG 07-307245, RG 07-357061, 2009 WL 6360885
(Nov. 13, 2009) ................................................................................................... 12

*Brady v. Mercedes-Benz USA, Inc.*,
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ................................................................ 11

*Carr v. American Security Products Co.*,
No. CIVSD-16-06769, 2017 WL 10219650 (Dec. 28, 2017) ............................ 12

*Caterpillar Inc. v. Lewis*,
519 U.S. 61 (1996) ................................................................................................. 9

*Exxon Mobile Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ........................................................................................... 9, 11

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir.1998) ................................................................................ 11

*Garibotti v. The Standard Fire Ins. Co.*,
No. SACV 10-01613 DOC, 2011 WL 488874 (C.D. Cal. Feb. 1,
2011) .................................................................................................................... 10

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001) .............................................................................. 9, 11

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010) ................................................................................................ 10

*Holt v. Noble House Hotels & Resort, Ltd.*,
No. 17cv2246-MMA, 2018 WL 539176 (S.D. Cal. Jan. 23, 2018) ...................... 9

*Kanter v. Warner-Lambert Co.*,
 265 F.3d 853 (9th Cir. 2001) ................................................................ 9, 10

*Lewis v. Verizon Commc'ns, Inc.*,
 627 F.3d 395 (9th Cir. 2010) .................................................................... 9

*Pereira v. Anderson LA Inc.*,
 No. BC579467, 2017 WL 4049766 (Jul. 17, 2017) ............................... 12

*Sasso v. Noble Utah Long Beach, LLC*,
 Civ. No. 14-9154-AB AJWX, 2015 WL 898468 (C.D. Cal. Mar. 3,
 2015) ..................................................................................................... 11

*Serrano v. 180 Connect, Inc.*,
 478 F.3d 1018 (9th Cir. 2007) ................................................................. 9

*Simmons v. PCR Technology*,
 209 F. Supp. 2d 1029 (N.D. Cal. 2002) ................................................. 11

*State Farm Mut. Auto Ins. Co. v. Dyer*,
 19 F.3d 514 (10th Cir. 1994) ................................................................. 10

*Tafolla v. American Honda Motor Company, Inc.*,
 No. BC514857, 2017 WL 9604653 (June 23, 2017) ............................. 12

*Valdez v. Allstate Ins. Co.*,
 372 F.3d 1115 (9th Cir. 2004) ............................................................... 10

*Villa v. Fleetwood-Fibre Packaging & Graphics, Inc.*,
 No. BC616014, 2018 WL 3861480 (Apr. 6, 2018) ............................... 12

- 4 -

**Statutes**

28 United States Code
    § 84(c)(1) ........................................................................................ 8
    § 1332 ............................................................................................. 9
    § 1332(a) ................................................................................. 6, 8, 9
    § 1332(a)(1) ..................................................................................... 9
    § 1332(c) ....................................................................................... 10
    § 1332(d)(2) .................................................................................... 9
    § 1441(a) ........................................................................................ 8
    § 1441(b) ........................................................................................ 6
    § 1446 ..................................................................................... 6, 13
    § 1446(a) ...................................................................................... 13
    § 1446(b)(1) .................................................................................... 8
    § 1446(d) ...................................................................................... 13

California Business and Professions Code
    §§ 17200, *et seq.* ............................................................................ 7

California Code of Civil Procedure
    § 1021.5 ....................................................................................... 11

California Labor Code
    § 203 ............................................................................................. 7
    § 218 ........................................................................................... 11
    § 226 ................................................................................... 7, 8, 11
    § 226.7 .......................................................................................... 7
    § 246 ............................................................................................. 7
    § 1194 ..................................................................................... 7, 11
    § 1194.2 ................................................................................... 7, 11
    § 1197 ........................................................................................... 7
    § 2699 ......................................................................................... 11
    § 2802 ..................................................................................... 7, 11
    § 2810.3 ........................................................................................ 7
    § 21699, *et seq.* ............................................................................. 7

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that Defendant ALTISOURCE SOLUTIONS, INC. ("Defendant") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446.

## LIMITED PURPOSE

1.      The filing of this notice does not, in any way, waive any right, privilege, immunity, or defense Defendant may have under any applicable law relating to the claims asserted in this matter. By filing this notice, Defendant does not concede it was Plaintiff's employer nor does it concede that Plaintiff or putative class claims have merit.

## BACKGROUND

2.      Plaintiff alleges he is a former employee of Defendant[1] and performed home inspections on behalf of Defendant in San Diego County, California during the four years preceding the filing of this action. (Declaration of Peter Z. Stockburger ["Stockburger Dec."] at ¶ 7, Exhibit ["Ex."] F at ¶ 18.) Plaintiff alleges he was paid by Defendant "per-inspection rates for completed work orders" but was not "paid minimum wages for all hours worked, has not been provided with paid rest periods nor an extra hour of pay for unpaid rest periods, has not been provided meal breaks nor has he been paid an extra hour of pay for meal break violations." (*Id.*) Plaintiff also alleges Defendant failed to provide him with accurate and itemized wage statements, reimburse him for purported business related expenses, and has failed to provide him with paid sick leave purportedly owed under state law. (*Id.*)

---

[1] Defendant does not concede it was Plaintiff's employer, and in fact disputes this allegation.

3.    On August 8, 2018, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of San Diego ("Complaint"), entitled *Joseph Collins v. Altisource Solutions, Inc.*, Case Number 37-2018-00039611-CU-OE-CTL ("State Court Action"). (Stockburger Dec. at ¶ 2, Ex. A.) Plaintiff served Defendants with a copy of the Complaint on August 21, 2018. (*Id.* at ¶ 5, Ex. D.) On or about September 12, 2018, Plaintiff filed a First Amended Complaint. (Stockburger Dec. at ¶ 7, Ex. F.)

4.    Plaintiff's First Amended Complaint asserts nine causes of action against Defendant, all of which are alleged on a putative class or representative basis: (1) failure to pay minimum wages and for waiting time penalties pursuant to Labor Code[2] §§ 1194, 1194.2, 1197, and 203 (*id.* at ¶ 7, Ex. F at ¶¶ 28-34); (2) failure to provide paid rest periods or pay rest period premiums for missed rest periods in violation of Labor Code § 226.7 and unspecified "Wage Orders" of the Industrial Welfare Commission ("IWC") (*id.* at ¶ 7, Ex. F at ¶¶ 35-40); (3) failure to provide paid meal periods or pay meal period premiums for missed meal breaks in violation of Labor Code § 226.7 (*id.* at ¶ 7, Ex. F at ¶¶ 41-45); (4) failure to provide itemized wage statements in violation of Labor Code § 226 (*id.* at ¶ 7, Ex. F at ¶¶ 46-53); (5) failure to reimburse business related expenses in violation of Labor Code § 2802 (*id.* at ¶ 7, Ex. F at ¶¶ 54-59); (6) violation of Labor Code § 2810.3 (*id.* at ¶ 7, Ex. F at ¶¶ 60-67); (7) unfair business practices in violation of California's Unfair Competition Law ("UCL") at California Business and Professions Code §§ 17200, *et seq.* (*id.* at ¶ 7, Ex. F at ¶¶ 68-72); (8) violation of Labor Code § 246 (*id.* at ¶ 7, Ex. F at ¶¶ 73-78); and (9) penalties under the California Private Attorneys General Act (Labor Code § 21699, *et seq.*) ("PAGA") (*id.* at ¶ 7, Ex. F at ¶¶ 79-84). Plaintiff defines the putative class as: "All persons who performed residential home inspections in California for [Defendant] at any

---

[2] All references to the Labor Code herein are references to the California Labor Code.

time from August 8, 2018[3] through the date the Court grants preliminary approval of the settlement, or if there is no Settlement, through the date Notice is mailed to the Class in a non-Settlement context." (*Id*. at ¶ 7, Ex. F at ¶ 25.)

5.      Plaintiff's First Amended Complaint requests the following relief: (1) unpaid minimum wages; (2) liquidated damages; (3) attorneys' fees; (4) waiting time penalties; (5) unpaid rest premiums; (6) unpaid meal period premiums; (7) penalties pursuant to Labor Code § 226; (8) reimbursements of business related expenses; (9) prejudgment interest; (10) an injunction ordering Defendant to provide paid sick leave to current employee putative class members; (11) PAGA penalties; and (12) such "other relief as the Court deems just and proper." (*Id*. at ¶ 7, Ex. F, Prayer for Relief.)

## TIMELINESS OF REMOVAL

6.      28 U.S.C. § 1446(b)(1) generally requires that a notice of removal be filed within 30 days after the receipt by the defendant of a copy of the original pleading setting forth the claim for relief upon which such action is based. Plaintiff served Defendant with a copy of the Complaint on August 21, 2018. (Stockburger Dec. at ¶ 5, Ex. D.) The deadline to file a notice of removal is therefore September 20, 2018, and this Notice is timely.

## VENUE

7.      Venue is proper in this Court because Plaintiff filed this matter in the Superior Court of the State of California, County of San Diego, which lies within the Southern District of California. See 28 U.S.C. §§ 84(c)(1), 1441(a). Venue is also proper because the acts complained of allegedly arose out of Plaintiff's purported employment with Defendant in San Diego County. (*Id*. at ¶ 7, Ex. F at ¶¶ 16-17.)

## JURISDICTION

---

[3] This date is likely a typographical error.

8.     The State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy relative to Plaintiff's claims exceeds $75,000, exclusive of interest and costs, and the citizenship of Plaintiff is different than that of Defendant. 28 U.S.C. § 1332(a)(1).

## DIVERSITY OF CITIZENSHIP

9.     The Supreme Court has interpreted 28 U.S.C. § 1332 to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). For class actions not removed under the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)), which this is not, federal diversity jurisdiction requires satisfaction of the general diversity requirements under 28 U.S.C. § 1332(a). *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007).

10.     A class action can be heard in federal court under diversity jurisdiction only if there is complete diversity (i.e., all class representatives are diverse from all defendants) and if all plaintiffs satisfy the amount in controversy requirement of more than $75,000. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-51 (2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 938 (9th Cir. 2001); *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010).

11.     With respect to complete diversity in class actions, the requirement "is based on the citizenship of the named plaintiffs at the time the action is filed." *Gibson*, 261 F.3d at 931 n. 2. "The citizenship of unnamed class members and unidentified Doe defendants are disregarded." *Holt v. Noble House Hotels & Resort, Ltd.*, No. 17cv2246-MMA, 2018 WL 539176, * 2 (S.D. Cal. Jan. 23, 2018) (citing *Gibson*, 261 F.3d at 931 n. 2).

## Plaintiff's Citizenship

12.     Plaintiff is the only named plaintiff in the Complaint, and alleges he is a "resident of San Diego County." (Stockburger Dec. at ¶ 7, Ex. F at ¶ 18.) For

diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual is domiciled where he or she resides with the intention to remain. *Id*. A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff, therefore, is a citizen of California for the purposes of this Notice.

## Defendant's Citizenship

13.    Under 28 U.S.C. § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where it has its principal place of business. The phrase "principal place of business" refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92 (2010). In practice, this is "normally. . . the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the  'nerve center,' and not simply an office where the corporation holds its board meetings. . . ." *Id*.

14.    Plaintiff alleges Defendant is a "Corporation organized under the laws of the State of Delaware, headquartered in Georgia, that does business in California, including in San Diego County, California." (Stockburger Dec. at ¶ 7, Ex. F at ¶ 22.) Defendant is, in fact, incorporated in the State of Delaware and headquartered in Georgia. (Declaration of Patricia McTaggart at ¶2.) Defendant's principal place of business is in Georgia. (*Id*.)

## **AMOUNT IN CONTROVERSY**

15.    Plaintiff seeks an unspecified amount in damages, penalties, and fees. This omission does not deprive this Court of jurisdiction. Instead, the burden rests with Defendant to show by a preponderance of the evidence that the amount in controversy is greater than $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). This rule "extends from the principle that a party seeking adjudication in federal court bears the burden of proving by a preponderance of the

evidence that he or she belongs there." *Garibotti v. The Standard Fire Ins. Co.*, No. SACV 10-01613 DOC, 2011 WL 488874, *2 (C.D. Cal. Feb. 1, 2011).

16.     The Court need only determine that Plaintiff's claims, and not the claims of putative class members, meet the $75,000 jurisdiction threshold. "When a well-pleaded complaint has at least one claim satisfying the amount-in-controversy requirement, there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim." *Exxon Mobile Corp.*, 545 U.S. at 547.

17.     In ordinary diversity cases, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir.1998). The 9th Circuit has also made clear that attorneys' fees may be included in the amount in controversy in a class action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir.2001). Thus, where a statute authorizes recovery of fees, many courts consider a reasonable estimate of the total projected fees to be incurred during litigation to accurately assess a defendant's damages exposure. See, e.g., *Adkins v. J.B. Hunt*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002).

18.     Plaintiff seeks attorneys' fees pursuant to Labor Code §§ 218, 226, 1194, 1194.2, 2699, 2802, and California Code of Civil Procedure § 1021.5. (Stockburger Dec. at ¶ 7, Ex. F at ¶¶ 33, 40, 53, 59, 67, 72, 84.) The attorneys' fees sought alone will clearly exceed the $75,000 jurisdictional threshold.

19.     "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). "Employment claims have been found to 'require substantial effort from counsel.'" *Sasso v. Noble Utah Long*

*Beach, LLC*, Civ. No. 14-9154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015).

20.     Similar cases, with similar allegations, have resulted in an award of attorneys' fees on settlement ranging from $175,000 to $325,000. See *Carr v. American Security Products Co.*, No. CIVSD-16-06769, 2017 WL 10219650 (Dec. 28, 2017) (award of $175,000 in settlement prior to class certification to class counsel on class action alleging claims for failure to pay wages, meal and rest periods, reimbursement of businesses expenses, inaccurate wage statements, and related penalties); *Pereira v. Anderson LA Inc.*, No. BC579467, 2017 WL 4049766 (Jul. 17, 2017) (award of $325,000 in settlement to class counsel prior to class certification on class action alleging claims for failure to provide meal and rest breaks, inaccurate wage statements, failure to pay wages, and related penalties); *Tafolla v. American Honda Motor Company, Inc.*, No. BC514857, 2017 WL 9604653 (June 23, 2017) (award of $299,970 in settlement to class counsel prior to class certification on class action alleging claims for failure to provide meal and rest periods, pay all wages, inaccurate wage statements, and related penalties); *Villa v. Fleetwood-Fibre Packaging & Graphics, Inc.*, No. BC616014, 2018 WL 3861480 (Apr. 6, 2018) (award of $208,333 in settlement to class counsel prior to class certification on class action alleging claims for failure to pay wages, provide meal and rest periods, waiting time penalties, and inaccurate wage statements).

21.     Indeed, Plaintiff's own counsel has been awarded fees that indicate the fees in this case would exceed the $75,000 threshold. See *Beauchamp v. Kaiser Foundation Hospitals*, Nos. RG 07-307245, RG 07-357061, 2009 WL 6360885 (Nov. 13, 2009) (award of fees that exceed $75,000 threshold to class counsel, including Dennis F. Moss); *Avila v. Quest Nutrition, LLC*, No. BC585391, 2018 WL 3610297 (June 1, 2018) (award of $400,000 to class counsel, including Dennis F. Moss who represented his hourly rate to be $750 per hour in moving papers filed with the court). Based on Plaintiff's attorney's purported $750 per hour rate,

Plaintiff's counsel will only have to work approximately 100 hours on this matter to reach the $75,000 threshold.

22.     Based on the foregoing, it is more likely than not that the attorneys' fees sought by Plaintiff's counsel in this matter will exceed the jurisdictional threshold of $75,000.

## COMPLIANCE WITH 28 U.S.C. § 1446

23.     No previous application has been made for the relief requested herein.

24.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the State Court Action, are attached with this notice. (Stockburger Dec. at ¶¶ 2-7, Exs. A-F.)

25.     Pursuant to 28 U.S.C. § 1446(d), Defendants will serve on plaintiff and will file with the Clerk of the Superior Court for the County of San Diego, a written "Notice to the Clerk of the Superior Court of the County of San Diego and To Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

Dated:  September 20, 2018                DENTONS US LLP

                                          By: */s/Peter Z. Stockburger*
                                          Peter Z. Stockburger
                                          peter.stockburger@dentons.com

                                          Attorneys for Defendant
                                          ALTISOURCE SOLUTIONS, INC.

109002899\V-5