**MOSS BOLLINGER LLP**
DENNIS F. MOSS (SBN 77512)
JEREMY F. BOLLINGER (SBN 240132)
ARI E. MOSS (SBN 238579)
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Telephone: (310) 982-2984
Facsimile: (818) 963-5954
dennis@mossbollinger.com
jeremy@mossbollinger.com
ari@mossbollinger.com

Attorneys for Plaintiff JOSEPH COLLINS
and other persons similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH COLLINS,** on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ALTISOURCE SOLUTIONS, INC.,** and **DOES 1-50,**<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.:  3:18-cv-02185-JM-RBB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES AND RESTITUTION**<br><br>1.  Failure to Pay Minimum Wages<br>2.  Failure to Provide Rest Periods<br>3.  Failure to Provide Meal Periods<br>4.  Failure to Provide Proper Itemized Wage Statements<br>5.  Failure to Reimburse Business Related Expenses<br>6.  Violation of C.C. 2810.3<br>7.  Unfair Competition<br>8.  Violation of Labor Code § 246<br>9.   Penalties Pursuant to Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA")<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Collins ("Plaintiff") on behalf of himself and all others similarly situated complains and alleges as follows:

1

# INTRODUCTION

1.    Altisource Solutions, Inc. ("Altisource") is in the residential inspection business providing residential inspection services for banks and other financial institutions, among other entities. This case arises out of the failure of Defendants to treat, as their employees, the workers who perform residential inspections for them in California, and the resulting failure by Defendants to comply with the California Labor Code. It also arises out of the status of Altisource as a "Client Employer" under Labor Code section 2810.3.

2.    Plaintiff and others similarly situated are treated and paid as "independent contractors" for the inspection work they perform on behalf of Altisource. In an effort to avoid its obligations as an employer of INSPECTORS in California, Altisource attempts to insulate itself from exposure by retaining others to hire and pay the INSPECTORS that perform Altisource inspections, the details of which are controlled and directed by Altisource.

3.    The California Supreme Court in *Dynamex v. Superior Court* (2018) 4 Cal. 5th 903 recently made the following point which should inform analysis in this case:

> Under both California and federal law, the question whether an individual worker should properly be classified as an employee or, instead, as an independent contractor has considerable significance for workers, businesses, and the public generally. On the one hand, if a worker should properly be classified as an employee, the hiring business bears the responsibility of paying federal Social Security and payroll taxes, unemployment insurance taxes and state employment taxes, providing worker's compensation insurance, and, most relevant for the present case, complying with numerous state and federal statutes and regulations governing the wages, hours, and working conditions of employees. The worker then obtains the protection of the applicable labor laws and regulations. On the other hand, if a worker should properly be classified as an independent contractor, the business does not bear any of those costs or responsibilities, the

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

worker obtains none of the numerous labor law benefits, and the public may be required under applicable laws to assume additional financial burdens with respect to such workers and their families.

Although in some circumstances classification as an independent contractor may be advantageous to workers as well as to businesses, the risk that workers who should be treated as employees may be improperly misclassified as independent contractors is significant in light of the potentially substantial economic incentives that a business may have in mischaracterizing some workers as independent contractors. Such incentives include the unfair competitive advantage the business may obtain over competitors that properly classify similar workers as employees and that thereby assume the fiscal and other responsibilities and burdens that an employer owes to its employees. In recent years, the relevant regulatory agencies of both the federal and state governments have declared that the misclassification of workers as independent contractors rather than employees is a very serious problem, depriving federal and state governments of billions of dollars in tax revenue and millions of workers of the labor law protections to which they are entitled.

*Id,* 4 Cal. 5th 903 at 912-913.

4.     To carry out its inspection business in California, Altisource contracts with "persons" as defined in Labor Code Section 18, to provide the actual INSPECTORS who carry out the inspections.   The persons it contracts with, different than the gas station owner in *Curry v. Equilon, LLC* (2013) Cal.App. 5th 28, do not treat the Altisource INSPECTORS as their "employees", classifying them as "independent contractors," despite their legal status as "employees" jointly employed by Altisource.

5.     The INSPECTORS who perform Altisource inspections in California are suffered and permitted by Altisource to do so.  In *Dynamex v. Superior Court, supra*, (2018) 4 Cal. 5th 903, at 953, the Court pointed out:

///

///

FIRST AMENDED COMPLAINT
CASE NO.: 3:18-CV-02185-JM-RBB

Given the intended expansive reach of the suffer or permit to work standard as reflected by its history, along with the more general principle that wage orders are the type of remedial legislation that must be liberally construed in a manner that serves its remedial purposes [cite omitted] , as our decision in *Martinez* recognized, the suffer or permit to work standard must be interpreted and applied broadly to include within the covered "employee" category ***all* individual workers who can reasonably be viewed as "*working in the [hiring entity's] business*."** (*Martinez, supra*, 49 Cal.4th at p. 69, 109 Cal.Rptr.3d 514, 231 P.3d 259 ), italics added ["A proprietor **who knows that persons are *working in his or her business* without having been formally hired**, or while being paid less than the minimum wage, clearly suffers or permits that work by failing to prevent it, while having the power to do so" (italics added ) ].) Under the suffer or permit to work standard, an individual worker who has been hired by a company can properly be viewed as the type of independent contractor to which the wage order was not intended to apply only if the worker is the type of traditional independent contractor— such as an independent plumber or electrician—who would *not* reasonably have been viewed as working *in the hiring business*. Such an individual would have been realistically understood, instead, as *working only in his or her own independent business*. (Emphasis added)

6.     The Dynamex case went on to hold:

[W]e conclude it is appropriate, and most consistent with the history and purpose of the suffer or permit to work standard in California's wage orders, to interpret that standard as: (1) placing the burden on the hiring entity to establish that the worker is an independent contractor who was not intended to be included within the wage order's coverage; and (2) requiring the hiring entity, in order to meet this burden, to establish *each* of the three factors embodied in the ABC test—namely (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

in fact; *and* (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

*Id*, 4 Cal. 5th 903, at 956-957.

7.     Defendant Altisource was and is a "proprietor" who knows INSPECTORS are working in its business in California and is a "hiring entity" who hires INSPECTORS through the persons in California it contracts with to provide the INSPECTOR workforce.

8.     Altisource's California INSPECTORS:

A.     Are not free from Altisource's "control and direction in connection with" the inspections they perform;

B.     Perform work that is in the "usual course of the Altisource's business";

C.     Are not engaged "in an independently established trade, occupation, or business of the same nature as the work performed."

9.     Altisource and DOES 1-50 (collectively "Defendants") failed to (1) pay INSPECTORS all minimum wages owed as required by Labor Code Section 1197; (2) pay INSPECTORS all wages owed as required by Labor Code Sections 201, 202, and 204; (3) provide INSPECTORS timely paid rest periods and timely unpaid meal periods of sufficient length as required by the Labor Code and applicable Wage Orders of the Industrial Welfare Commission; (4) reimburse INSPECTORS for business related expenses as required by Labor Code Section 2802; (5) pay INSPECTORS additional pay for rest period and meal period violations as required by Labor Code Section 226.7; (6) provide INSPECTORS with itemized wage statements in compliance with Labor Code Section 226(a); and (7) provide paid sick leave as required by law. Defendants' violations of the Labor Code also constitute unfair competition in violation of Business and Professions

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

Code Section 17200. Plaintiff seeks damages and statutory penalties under the Labor Code and restitution under Business and Professions Code Section 17203. As to the sick leave claim, Plaintiff seeks injunctive relief, and pay for sick days.

10.     Plaintiff and members of the proposed Class are current and former employees of Altisource who worked as non-exempt property INSPECTORS in California performing the service that Altisource sells its customers -- residential property inspections ("inspections"). Plaintiff and members of the proposed Class are also "workers" as the term is defined in Labor Code section 2810.3(5).

11.     California recognizes that working men and women can be jointly employed by more than one employer. *Martinez v. Combs* 49 Cal.4th 34.

12.     Additionally, under California law, once a plaintiff comes forward with evidence that he provided services for an employer, the employee has established a prima facie case that the relationship was one of employer/employee. *Robinson v. George,* 16 Cal.2d 238 (1940). Further, "employers" are defined in the Wage Orders of the Industrial Welfare Commission as "any person as defined in Section 18 of the Labor Code, who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person."

13.     Defendant Altisource jointly employs the class members, like Plaintiff, with individuals and/or entities that provide the INSPECTORS that perform the inspections.  And, the persons and entities that provide INSPECTORS to perform Altisource inspections are agents of Altisource, through which Altisource employs INSPECTORS. Plaintiff is informed and believes and thereon alleges that the persons that provide the INSPECTORS are paid per inspection by Altisource. The INSPECTORS are, in turn, paid per inspection. Defendant Altisource is also a "Client employer," as that term is defined in Labor Code

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

section 2810.3, that is provided workers by "Labor Contractors" as defined in Labor Code section 2810.3

14.     Class members perform residential inspections for Altisource. Altisource exercises control over the class of INSPECTORS by dictating precise directions of what INSPECTORS are required to do at each inspection site. The inspection directions from Altisource to the INSPECTORS dictate, among other things, inspection processes, what specific photographs the inspectors are required to take at the inspection site, whether to make contact with the homeowner and/or neighbors if the homeowner is not available, what to say if contact occurs, what documents have to be left with the homeowner or at the site of the inspection (if any), and where to leave the documents. Altisource directions also dictate whether the INSPECTOR needs to enter the premises as part of the inspection, what to do once inside, and what INSPECTORS are to do when access to the inspection site is unavailable. Altisource dictates what the INSPECTOR must do if there is a citation from a government entity at the inspection site. Altisource dictates timeframes for the completion of inspections. Once inspections are completed, Altisource has the INSPECTORS complete detailed reports per Altisource specifications and upload the reports and applicable photographs.

15.     Despite the degree of control exercised by Altisource and the fact that Altisource suffers and permits the INSPECTORS to carry out the service it provides its customers, Altisource and the persons that provide the INSPECTORS, characterize the INSPECTORS "independent contractors".

16.     Plaintiff Collins typically received $3-$5 per inspection. Plaintiff Collins is informed and believes that other INSPECTORS were similarly paid on a per inspection basis. Altisource and the persons they jointly employ INSPECTORS with, do not withhold money from the payments to INSPECTORS for payment to

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

taxing authorities, nor pay employer burdens associated with wage payments such as Social Security contributions, or Employment Development Department contributions to fund California unemployment system obligations.

17.    Plaintiff and proposed Class members are not paid for the time they spend for Altisource in other than actual inspections. Altisource INSPECTORS are not paid for rest breaks, travel time, Altisource work activities performed at home including uploading assignments, mapping the order of inspections, completing and uploading reports and photographs, nor are they paid for other non-inspection work such as time spent purchasing supplies, maintaining and fueling the vehicles they utilize in traveling to inspection locations, time spent interacting with Altisource vendors, and time reviewing policy additions and changes.

18.    Altisource inspectors at times work over four hours in a day for Altisource.  When they do so, they are not provided paid rest breaks as required by law.

19.    Altisource does not reimburse inspectors for the share of supply and equipment costs they incur attributable to Altisource work, or for costs they incur in utilizing their own vehicles, mobile phones, and data plans attributable to Altisource work.

20.    Plaintiff and proposed Class members do not receive premium pay as required by law on account of Altisource's non-compliance with rest break and meal break requirements.

21.    Altisource does not communicate or maintain a meal break policy applicable to its inspectors.

22.    Plaintiff and proposed Class members do not receive accurate, itemized wage statements reflecting the hours they actually work, the amount of wages to which they are entitled, deductions required by law, when they take

breaks, and a proper itemization of piecework earnings.

23.  Class members are not paid all wages owed following their voluntary or involuntary employment separations.

24.  Plaintiff and the proposed Class members are not provided paid sick leave as required by Labor Code 246.

25.  As a result of these violations, Plaintiff seeks on behalf of himself and all others similarly situated, compensation, damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.

26.  Altisource is also liable for violation of the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq*. ("UCL").

27.  Plaintiff also seeks injunctive relief and restitution.

28.  Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and California Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

29.  This Court currently has jurisdiction over Defendants because Defendant Altisource removed the case from San Diego Superior Court.

30.  Venue is currently in this Court because Defendant Altisource removed the case from San Diego Superior Court, and the work performed that gives rise to the causes of action was performed by Plaintiff and a number of other class members in San Diego County. Wage and hour obligations of Defendants under the Labor Code arose and were breached throughout California, including within San Diego County.

## THE PARTIES

### A.  Plaintiff

31.  Plaintiff is over the age of eighteen, and at times mentioned in this

9

complaint, was a resident of San Diego County. During the four-year period preceding the filing of the complaint, Plaintiff was jointly employed by Altisource and another entity with respect to home inspection work orders generated by Altisource. Within the joint employer relationship, Plaintiff was treated as an independent contractor. He was paid for his work per inspection, and there were no withholdings from the payments he received.

32.     When Plaintiff prepared the inspection reports he generated for Altisource, his name appeared on the reports. Altisource knew INSPECTORS in the class were performing the inspections required by the inspection orders they generated, and therefore, suffered and permitted them to do so. Not only did Altisource generate the home inspection work orders performed by Plaintiff and others, they controlled how they were performed. Altisource dictated what the INSPECTORS were to do at each inspection, dictating, for example,   the number of photographs to be taken, what had to be included in each of the photographs, dictating what the inspectors were to observe and report in connection with each inspection, dictating who to contact when conducting certain inspections and when contact was necessary, dictating the documents to be provided at inspections sites, and dictating   what needs to be included in reports of inspections.   During his employment by Altisource as an INSPECTOR, Plaintiff was paid "per-inspection" rates for his inspection work. He was not paid minimum wages for all hours worked, has not been provided with paid rest periods nor an extra hour of pay for unpaid rest periods, has not been provided a lawfully compliant meal break policy, nor has he been paid an extra hour of pay for meal break violations.   Plaintiff has not been provided with accurate itemized wage statements, has not been reimbursed for business related expenses, and has not been provided paid sick leave.

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

33.    Plaintiff seeks to represent similarly situated INSPECTORS (the "Class," described more fully below) who suffered the same violations of rights that he endured.

34.    As such, Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

**B.    <u>Defendants</u>**

35.    Plaintiff is informed and believes, and thereon alleges, that Altisource is a Limited Liability Corporation organized under the laws of the State of Delaware, headquartered in Florida, that does business in California, including in San Diego County, California. At all times relevant to this action, Altisource has been in the home inspection business performing the service of home inspections for its financial institution clients. At all times relevant to this action, Altisource has jointly employed, with other "persons" as the term is defined in Labor Code Section 18, Plaintiff and similarly situated INSPECTORS with respect to inspection work orders generated by Altisource. The persons that jointly employed the INSPECTORS supplied the INSPECTORS to Altisource to perform the inspections. Altisource utilized Plaintiff and similarly situated INSPECTORS to provide the services that it sells its customers. Furthermore, Altisource directly suffered and permitted Plaintiff and similarly situated INSPECTORS to carry out the inspection work orders it generated for work in California. Altisource controlled the manner and means by which inspection services were performed.

36.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

1    allege the true names and capacities of the DOE Defendants when ascertained.

2       37.    Plaintiff is informed and believes and thereon alleges that each

3    Defendant acted in all respects pertinent to this action as the agent of one or more

4    of the other Defendants, carried out a joint scheme, business plan or policy in all

5    respects pertinent hereto, and the acts of each Defendant are legally attributable to

6    one or more of the other Defendants.

7                        **CLASS ACTION ALLEGATIONS**

8       38.    Plaintiff originally brought this action on behalf of himself and all

9    other similarly situated persons as a class action pursuant to Code of Civil

10   Procedure Section 382 in California State Court. Absent Court initiated remand to

11   State Court, this Court should deem this First Amended Complaint brought

12   pursuant to Federal Rules of Civil Procedure Rule 23.  The members of the Class

13   are:

14          All persons who performed residential home inspections on behalf of
           Altisource Field Services, LLC in California at any time from August
15          10, 2014 through the date the Court grants preliminary approval of the
           settlement, or if there is no Settlement, through the date Notice is
16          mailed to the Class in a non-Settlement context (also referred to
           herein as "INSPECTORS").

17
18      39.    This action has been brought and may be maintained as a class action

19   pursuant to either California Code of Civil Procedure Section 382 or Federal Rules

20   of Civil Procedure Rule 23 because there is a well-defined community of interest

21   ("commonality" under Rule 23) among many persons who comprise a readily

22   ascertainable class:

23          a.    The Class members are so numerous that the individual joinder

24   of all of them as plaintiffs is impractical.  While the exact number of Class

25   members is unknown to Plaintiff at this time, Plaintiff is informed and

26   believes and thereon alleges that there are over 300 members in the Class.

27                                        12

28                                                    **FIRST AMENDED COMPLAINT**
                                                     CASE NO.: 3:18-CV-02185-JM-RBB

Therefore, joinder of all Class members as individual plaintiffs is impractical.

      b.     Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class.  These common questions include, but are not limited to:

1) The central threshold issue: Was Altisource a Joint employer of members of the Class with persons that selected the class members, and paid the class members?

2) Did Altisource directly or indirectly or through an agent employ the INSPECTORS in the class?

3) Did Altisource directly or indirectly control and/or direct work engaged in by the INSPECTORS?

4) Did Altisource suffer and permit INSPECTORS to perform inspections in California?

5) Is Altisource in the Inspection business, and does it carry out its business through the INSPECTORS?

6) Does *Dynamex Operations v. Superior Court* (2018) 4 Cal.5th 903 apply in a context where the INSPECTORS are jointly employed by more than one entity, and none of the entities in the relationship treat the INSPECTORS as employees, and the entity that directly pays the employees, pays them as though they are independent contractors?

7) Are the "persons" that provide the Altisource workforce "agents" of Altisource under California law?

8) Does *Dynamex Operations v. Superior Court* (2018) 4 Cal.5th

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

903 apply in a context where the INSPECTORS are employed through an agent of Altisource?

9) Does Altisource's utilization of other persons to recruit INSPECTORS and dispatch INSPECTORS to perform Altisource work orders pursuant to Altisource's directions insulate Altisource from liability to INSPECTORS as an employer or joint employer?

10) Did Defendants fail to pay class members all minimum wages they were entitled to by virtue of a piece work pay system that only paid for inspections?

11) Did Defendants fail to provide class members with paid rest breaks?

12) Are Class Members entitled to one hour of extra pay for each work day they worked more than 4 hours and did not receive paid rest breaks?

13) Did Defendants violate Labor Code Section 226(a) by failing to provide members of the Class with itemized wage statements that complied with Labor Code Section 226(a)?

14) Did Defendants violate Labor Code Section 2802 by failing to reimburse members of the Class for business related expenses?

15) Did Defendants fail to provide class members with paid sick leave as required by law?

16) Do any of the unlawful practices of Defendants constitute unfair competition in violation of Business & Professions Code Section 17200?

14

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

17)     Are Defendants liable to members of the Class for damages under the Labor Code?

18)     Are Defendants liable to members of the Class for statutory penalties under the Labor Code?

19)     Did Defendants violate Labor Code Sections 201, 202 and 203?

20)     Are Defendants liable to members of the Class for restitution under Business and Professions Code Section 17203?

21)     Are any of Defendants "Client Employers" as that term is used in Labor Code 2810.3?

22)     Are Class members entitled to attorney's fees?

23)     Are Class members entitled to interest?

c.     Plaintiff is a member of the Class, and his claims are typical of the claims of other Class members.  The injuries allegedly suffered by Plaintiff as a result of not being treated as an employee of Altisource are the same or substantially similar to the injuries allegedly suffered by other members of the Class.

d.     Plaintiff will adequately and fairly protect the interests of the members of the Class.  Plaintiff has no interest adverse to the interests of absent Class members.  Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum,

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.  Further, the monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief.  A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them.  Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

40.    Plaintiff is not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.  Plaintiff, however, reserves the right to modify the definition of the Class or seek issue certification, as future circumstances may dictate.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
### (By Plaintiff on behalf of himself and the Class against All Defendants)

41.    Plaintiff incorporates paragraphs 1 through 40 of this complaint as if fully alleged herein.

42.    At all relevant times, Plaintiff and the other members of the Class were employees of Defendants under Labor Code Section 1197 and applicable Wage Orders.

43.    Plaintiff and the other members of the class were paid per inspection. Pursuant to Labor Code Section 1197 and applicable Wage Orders, Plaintiff and the other members of the Class were entitled to receive minimum wages for all hours worked, including rest breaks that were unpaid.

44.     The number of hours Plaintiff and other class members worked for Altisource on any given day during the class period varied from day to day.

45.     Although Plaintiff and other members of the Class were paid for some of their work, Defendants failed to pay Plaintiff and other members of the Class minimum wages for all hours worked, including unpaid rest breaks, in violation of Labor Code Section 1197 and applicable Wage Orders. Defendants did not pay INSPECTORS for non-inspection work. As a consequence, Plaintiff is informed and believes and thereon alleges that at all relevant times Plaintiff and the other members of the Class did not receive minimum wages for all hours worked.

46.     As a result of Defendants' unlawful conduct, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked, including unpaid rest breaks.

47.     Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiff and other members of the Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

48.     Those class members no longer employed by Defendants, whose employment ended on or after August 10, 2015, are owed waiting time penalties according to proof pursuant to Labor Code Section 203 on account of Defendants' willful failure to pay all minimum wages owed.

///

///

///

///

///

17

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE PAID REST PERIODS
**(By Plaintiff on behalf of himself and the Class against All Defendants)**

49.     Plaintiff incorporates paragraphs 1 through 48 of this complaint as if fully alleged herein.

50.     At all relevant times, Plaintiff and the Class were employees of Defendants covered by Labor Code § 226.7 and Wage Orders of the Industrial Welfare Commission.

51.     Pursuant to Labor Code § 226.7 and the Wage Orders, Plaintiff and the other Class Members were entitled to paid rest periods of at least 10 minutes for each period of four hours or a major fraction of 4 hours, and one hour of additional pay for every day a paid rest period was not authorized or permitted.

52.     At times during the class period, Plaintiff and the other Class Members worked for Altisource over 4 hours on workdays.

53.     On account of their per inspection pay practices, when Plaintiff and the other Class Members worked for Altisource over 4 hours on workdays, Defendants failed to provide Plaintiff and other members of the Class paid rest break time in accordance with Labor Code § 226.7 and the Wage Orders.

54.     Pursuant to Labor Code §226.7, Plaintiff and other members of the Class are entitled to damages in an amount equal to one (1) hour of wages for each day they were not provided compliant rest breaks.

55.     Pursuant to Labor Code § 218, Plaintiff and the other members of the Class are entitled to recover wages owing for unpaid rest break time, and attorney's fees incurred in securing those wages, as well as the break violation premium pay. Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiff and other members of the Class are entitled to recover prejudgment interest on the

wages owed for rest break violations.

### THIRD CAUSE OF ACTION
### FAILURE TO MAKE COMPLIANT UNPAID MEAL PERIODS AVAILABLE
### (By Plaintiff on behalf of himself and the Class against All Defendants)

56.     Plaintiff incorporates paragraphs 1 through 55 of this complaint as if fully alleged herein.

57.     Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Plaintiff alleges that Defendant did not make legally compliant meals available by not communicating or otherwise providing a compliant meal break policy to Plaintiff and the Class. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

58.     Defendant failed to provide timely meal periods of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

59.     Pursuant to Labor Code §226.7, Plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages per work day during which Defendants did not provide a compliant meal break or have a compliant meal break policy.

60.     Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff requests that the court award prejudgment interest on the premium wages owing on account of meal break violations.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (By Plaintiff on Behalf of Himself and the Class Against All Defendants)

61.     Plaintiff incorporates paragraphs 1 through 60 of this complaint as if fully alleged herein.

62.    At all relevant times, Plaintiff and the other members of the Class were employees of Defendants under Labor Code Section 226, and Labor Code 226.2

63.    Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing: a) gross wages earned; b) total hours worked; c) the number of piece rate units earned and applicable piece rates; d) all deductions; and e) net wages earned.

64.    Defendants failed to provide Plaintiff and members of the Class with itemized wage statements in accordance with Labor Code Section 226(a).  Plaintiff is informed and believes and thereon alleges that at all relevant times within the one-year limitations period applicable to this cause of action (the "Penalty Period"), Defendants had a policy or practice of not providing INSPECTORS with compliant itemized wage statements by not accurately setting forth  a) gross wages earned; b) total hours worked; c) the number of piece rate units earned and applicable piece rates; d) all deductions; and e) net wages earned.

65.    Defendants' failure to provide Plaintiff and members of the Class with compliant itemized wage statements was knowing and intentional.  Defendants had the ability to provide Plaintiff and members of the Class with accurate itemized wage statements but, because INSPECTORS were treated as independent contractors, knowingly and intentionally failed to keep accurate payroll records for INSPECTORS necessary for providing them accurate itemized wage statements.

66.    As a result of Defendants' conduct, Plaintiff and members of the Class have suffered injury.  The lack of accurate complete itemized wage statements has prevented timely challenges to some of Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of

wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages to state and federal government agencies.

67.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Class are entitled to recover fifty dollars for the initial pay period during the Penalty Period in which a knowing and intentional violation of Labor Code Section 226(a) occurred and one hundred dollars for each knowing and intentional violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate statutory penalty of four thousand dollars per employee.

68.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Class are entitled to recover the full amount of statutory penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS RELATED EXPENSES**
**(By Plaintiff on Behalf of Himself and the Class Against All Defendants)**

69.    Plaintiff incorporates paragraphs 1 through 68 of this complaint as if fully alleged herein.

70.    At all relevant times, Plaintiff and the other members of the Class were employees of Defendants entitled to the benefit of Labor Code Section 2802.

71.    Pursuant to Labor Code Section 2802, Plaintiff and other members of the Class were entitled to indemnification for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

72.    Defendants failed to indemnify Plaintiff and other members of the Class for all their business expenses in accordance with Labor Code Section 2802. Plaintiff is informed and believes and thereon alleges that at all relevant times

within the applicable limitations period, Defendants maintained a policy or practice of not reimbursing INSPECTORS for the expenses they incurred for work related purposes on account of their position that their INSPECTORS were not their employees.

73.     As a result of Defendants' conduct, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not reimbursed for all the expenses they incurred for work related purposes.

74.     Pursuant to Labor Code Section 2802, Plaintiff and other members of the Class are entitled to recover reimbursement for their business-related expenses, reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 2810.3
### (By Plaintiff on Behalf of Himself and the Class Against Defendant Altisource)

75.     Plaintiff incorporates paragraphs 1 through 74 of this complaint as if fully alleged herein.

76.     Defendant Altisource is a "Client Employer" as that term is defined in Labor Code section 2810.3.

77.     Defendant Altisource is supplied INSPECTORS as "Workers" to perform inspections at Altisource inspection sites ("work sites") in California by "Labor Contractors" as those terms are used in Labor Code section 2810.3.

78.     Inspections are within the usual course of Altisource's business.

79.     Pursuant to Labor Code Section 2810.3(b), Altisource is liable, irrespective of whether there is an employer-employee relationship between Altisource and the Class, to the Plaintiff and the Class for the unlawful conduct of Defendants alleged above to the extent that conduct has resulted in an

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

underpayment of straight time, minimum, overtime, violation premium, and waiting time wages, and to the extent that Altisource's ' failure to reimburse for expenses has resulted in an unlawful reduction of actual wages, for those wages as well.

80.    Plaintiff exhausted the requirement, contained in Labor Code Section 2810.3 (d) to notify Altisource of the violation of 2810.3 alleged herein, and waited in excess of 30 days after that notification to commence this action.

81.    As a result of Altisource's unlawful conduct in violation of Labor Code Section 2810.3(b), Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages owed to them.

82.    Plaintiff and other members of the Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees pursuant to Civil Procedure Section 1021.5, and costs of suit.

### SEVENTH CAUSE OF ACTION
**UNFAIR COMPETITION**
**BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.**
**(By Plaintiff on Behalf of Himself and the Class Against All Defendants)**

83.    Plaintiff incorporates paragraphs 1 through 82 of this complaint as if fully alleged herein.

84.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

85.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Class have suffered injury in fact and lost money or property.  Plaintiff and other members of the Class were deprived of their rights

---

23

under the Labor Code to minimum wages for all hours worked, pay for rest periods, additional pay for rest period and meal period violations, and other monies owed to them under the Labor Code.

86.     Pursuant to Business and Professions Code Section 17203, Plaintiff and members of the Class are entitled to restitution of all the money owed to them and interest thereon rightfully belonging to them that Defendants failed to pay to them and wrongfully retained for themselves by means of their unlawful and unfair business practices.  Plaintiff and members of the Class have a vested property interest in all the money that Defendants were legally required to pay to them under the Labor Code and Defendants would be unjustly enriched if allowed to keep for itself any of the money or interest thereon that Plaintiff and members of the Class had the right to possess.

87.     Plaintiff and members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to CCP Section 1021.5, the substantial benefit and/or the common fund doctrine.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 246
**(By Plaintiff on Behalf of Himself and the Class Against All Defendants)**

88.     Plaintiff incorporates paragraphs 1 through 87 of this complaint as if fully alleged herein.

89.     Plaintiff and other class members qualify for sick leave pursuant to Labor Code Section 246.

90.     Plaintiff is still employed by Defendants.

91.     Plaintiff and other class members have not been provided paid sick leave as required by Labor Code Section 246.

92.     As a direct and proximate cause of Defendants' failure to provide sick

FIRST AMENDED COMPLAINT
CASE NO.: 3:18-CV-02185-JM-RBB

leave, some class members have been deprived sick pay owing, according to proof.

93.    Plaintiff and other current employee class members are entitled to a permanent injunction compelling Defendants to provide paid sick leave in accordance with California law.

## NINTH CAUSE OF ACTION
**VIOLATION OF CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT (LABOR CODE § 21699 et seq.)**
**(By Plaintiff On Behalf of Himself, Aggrieved Employees and the State of California Against Each Defendant)**

94.    Plaintiff incorporates paragraphs 1 through 93 of this complaint as if fully alleged herein.

95.    Under the Private Attorney General Act, Labor Code §§ 2698-99 ("PAGA"), private parties may recover civil penalties for violations of the California Labor Code.  PAGA penalties are in addition to any other relief available under the Labor Code.

96.    As set forth above, Defendants violated the California Labor Code by consistently failing to employ Plaintiff and other similarly situated employees in compliance with California law.

97.    Plaintiff provided written notice by certified mail to the Labor & Workforce Development Agency ("LWDA") and to Defendants of the legal claims and theories of this case on June 29, 2018.  (Attached hereto as Exhibit A is a true and correct copy of the June 29, 2018 letter.) To date, and after 65 days from the date of mailing of the written notice, the LWDA has not notified Plaintiff that the LWDA intends to exercise jurisdiction over the claim for civil penalties under the PAGA.  Accordingly, Plaintiff exhausted the administrative remedies required by Labor Code § 2699.3.

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

98.     Under the PAGA, Plaintiff and all other aggrieved employees are entitled to recover the maximum civil penalties permitted by law from Defendant for the violations of Labor Code alleged in this Complaint.

99.     Plaintiff and all other aggrieved employees are also entitled to recover their attorneys' fees and costs under Labor Code § 2699.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.     An order that the action be certified as a class action;

B.     An order that Plaintiff be appointed representative of the Class;

C.     An order that counsel for Plaintiff be appointed as counsel for the Class;

### **On the First Cause of Action**

D.     Unpaid minimum wages;

E.     Liquidated damages;

F.     Attorneys' Fees;

G.     Waiting time wages for Former Employee Class Members;

### **On the Second Cause of Action**

H.     Wages owing on account of unpaid rest breaks;

I.     Rest Break Violation Premium Pay pursuant to Labor Code Section 226.7;

J.     Attorney's fees on the recovery of pay for the unpaid time;

### **On the Third Cause of Action**

K.     Meal Break violation premium pay pursuant to Labor Code Section 226.7;

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

1

**On the Fourth Cause of Action**

2  L.   Penalties pursuant to Labor Code Section 226;

3  M.  Attorney's fees and costs;

4

**On the Fifth Cause of Action**

5  N.   Damages according to proof;

6  O.   Reimbursement for business related expenses;

7  P.   Attorney's fees;

8

**On the Sixth Cause of Action**

9  Q.   Unpaid wages including but not limited to break violation premium

10     wages according to proof;

11  R.   Attorney's fees;

12

**On the Seventh Cause of Action**

13  S.   Restitution of all unpaid wages and other monies owed and belonging

14     to Class members that Defendant unlawfully withheld from them and

15     retained for itself;

16  T.   Prejudgment interest;

17

**On the Eighth Cause of Action**

18  U.   An injunction ordering Defendants to provide paid sick leave to

19     current employee class members;

20  V.   Damages according to proof;

21

**On the Ninth Cause of Action**

22  W.  Civil penalties under labor Section 2699 (75% payable to the LWDA

23     and 25% payable to aggrieved employees);

24  X.   Costs;

25  Y.   Reasonable attorney's fees; and

26  Z.   Such other and further relief as this Court may deem just and proper.

27

28

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

## On All Causes of Action

AA.     Judgment in favor of Plaintiff, the putative Classes, Aggrieved Employees and the State of California, and against Defendants;

BB.     Pre-judgment interest;

CC.     Costs of suit; and

DD.     Such other relief as this Court deems just and proper.


Dated:  December 3, 2018                    MOSS BOLLINGER, LLP


                                            By: _____
                                            Dennis F. Moss
                                            Attorney for Plaintiff, Joseph Collins


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Dated:  December 3, 2018                    MOSS BOLLINGER, LLP


                                            By: _____
                                            Dennis F. Moss
                                            Attorney for Plaintiff, Joseph Collins


28

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02185-JM-RBB

EXHIBIT A



**Dennis F. Moss**
310.982.2984/fax: 818.963.5954
jeremy@mossbollinger.com

June 29, 2018

**VIA PAGA ONLINE FILING**

Secretary David Lanier
Labor & Workforce Development Agency
PAGA ADMINISTRATOR
1515 Clay Street, Ste. 801
Oakland, California 94612

**VIA U.S. CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Altisource Solutions, Inc.
c/o CSC Lawyers Incorporating Service, Agent for Service of
Process
2710 Gateway Oaks Drive
Sacramento, CA 95833

**Re:**   Notice pursuant to Labor Code Section 2699.3(a)(1)
     Labor Code Private Attorney General Act ("PAGA")

**Employer:**  Altisource Solutions, Inc.

**Employee:**  Joseph Collins, on behalf of himself and on behalf of all current and former inspectors
      Altisource Solutions, Inc. in California.

Dear Secretary Lanier:

Pursuant to  the Private Attorney General Act of 2004, California Labor Code § 2698 *et seq.* ("PAGA"),
representative employee,  Joseph Collins ("Plaintiff"), on behalf of himself and on behalf of all current
and former inspectors of Altisource Solutions, Inc.  ("Altisource" or "Defendant") in California, alleges
that Defendant violated the California Labor Code throughout Plaintiff's employment and within the one
year prior to the mailing of this letter.

<u>**General Facts**</u>

Altisource is a Delaware corporation that is based in Atlanta, Georgia.  Altisource is an inspection
company that provides property inspections throughout California on behalf of its customer banks and
other financial institutions. Altisource contracts with others to perform the inspections.  The people or

entities Altisource contracts with perform the inspections or engages others to do so. The inspectors receive a fee for each inspection timely completed and properly reported. If they are not directly under contract with Altisource, which is typically the case, their pay is generated by a company or person paid by Altisource. They are not paid for all their activities. Joseph Collins received his per inspection pay from So Cal. Inspections, Inc.

Plaintiff is a resident of California and has worked as an inspector for Altisource in San Diego County, California, during the one year period preceding the date of this claim as part of coninuous employment by Altisource that has spannned over several years.

Altisource treats its inspectors as independent contractors and/or independent contractors of the people or entities it contracts with to perform inspections.  Yet, Altisource requires Plaintiff and other similarly aggrieved inspectors to follow detailed inspection and reporting protocols in performing a core function of its business that it sells to finacial institution customers: property inspection. Irrespective of the degree of control it exercises over its inspectors, which is substantial, Altisource is their employer pursuant to *Dynamex v. Superior Court* (2018) 4 Cal. 5th 903.

Because Altisource inspectors are classified and treated as independent contractors, Altisource does not reimburse the inspectors for many of the expenses related to their work as inspectors, including expenses they incur in using their own vehicles, phone and data plan expenses, and other equipment and material expenses incurred as a direct consequence of carrying out their inspection duties.

## **PLAINTIFF's CLAIMS**

Plaintiff claims that throughout his employment by Altisource, he and other similarly situated inspectors were misclassified as independent contractors exempt from California's labor laws. In *Dynamex Operations v. Superior Court*, the California Supreme Court articulated the test for whether a worker is properly classified as an independent contractor to whom California's wage orders do not apply. There, the Court held that the hiring entity must establish:

> (A) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; and (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity.

*Dynamex Operations*, 4 Cal.5th at 916-917. If the hiring entity fails to meet any one of the criteria above, the classification fails and the worker is deemed an employee. As discussed above, Altisource is in the business of providing inspection services to its client financial institutions and that is the service that Altisource inspectors provide. The inspectors' services are fully integrated into Altisource's business, and without the inspectors, Altisource's business would not exist. Moreover, Altisource dictates and controls what and how its inspectors perform their work. Under *Dynamex*, Plaintiff and all similarly situated inspectors of Altisource in California are Altisource's employees.

In light of Altisource's misclassification of its inspectors, Plaintiff and other similarly situated inspectors have been regularly subjected to the following violations of California law for which they are entitled to PAGA penalties.

### Non-Reimbursement of Business Related Expenses

Pursuant to Labor Code § 2802, Altisource is required to fully reimburse Plaintiff and other similarly paid inspectors for all expenses incurred by them in direct consequence of the discharge of their job duties or obedience to the directions of Altisource. The elements of a claim under Section 2802 are: (1) the employee made expenditures or incurred losses; (2) the expenditures or losses were incurred in direct consequence of the employee's discharge of his or her duties, or obedience to the directions of the employer; and (3) the expenditures or losses were reasonable and necessary. *Marr v. Bank of Am.*, No. 09–CV–05978 WHA, 2011 WL 845914, at *1(N.D. Cal. Mar. 8, 2011) *citing Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 568 (2007).

Courts have held an employer must reimburse its employee if it either knows or has reason to know that the employee has incurred an expense. *Stuart v. RadioShack Corp.*, 641 F.Supp.2d 901, 904 (N.D. Cal. 2009). "Once the employer has such knowledge, then it has the duty to exercise due diligence and take any and all reasonable steps to ensure that the employee is paid the expense." *Id*. The Court in *Stuart* further explained, "The employer must take any and all steps practicably available to reimburse the employee for the expense." *Stuart v. Radioshack Corp.*, No. C-07-4499 EMC, 2009 WL 10658336, at *1 (N.D. Cal. Sept. 2, 2009).

Here, Altisource, through intermediaries, hired Plaintiff and others as inspectors, knowing that they would need to use their personal vehicles to travel to inspection work sites, and personal materials and equipment in connection with inspections and inspection reporting, including personal phones and data plans. Altisource did not reimburse Plaintiff and other similarly paid inspectors for these expenses.

### Unpaid Minimum Wages

Under California Labor Code Section 1182.12 and Section 4 of the applicable wage orders of the Industrial Welfare Commission, Altisource was required to pay its inspectors the minimum wage in effect at the time its California inspectors performed their work.

Plaintiff and other similarly paid inspectors were compensated with a per inspection fee that did not pay them for non-inspection time, such as time travelling to inspection sites, time spent preparing and transmitting reports, time spent fueling their vehicles, purchasing supplies, or preparing their daily routes. If a court were to improperly treat the per inspection payments as including the non-inspection work, often times the per inspection payments were below the minimum wage. In addition, because Plaintiff and similarly paid inspectors had to bear the costs of using their own vehicles, and other costs such as phones and data plans, even when the per inspection payments met the minimum wage, these expenses caused their total compensation to drop below the minimum wage:

> An employee who has ostensibly been paid the minimum wage but has been required to make an
> expenditure which reduces the employee's net income below the minimum wage is, in essence, in
> the same position as an employee who was paid less than the minimum wage at the outset. Both
> have been required to satisfy their living expenses with less than the minimum wage. In light of
> these factors, the Court believes that [Cal. Code Civ. Proc.] Sections 1194, 1194.2, 1197, and
> 1197.1 should be construed as permitting a cause of action where an employee has been required
> to bear expenses which effectively cause the employee's wages to fall below the minimum wage.

*Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12-CV-05445-LHK, 2013 WL 1942166, at *10 (N.D.
Cal. May 8, 2013).

## Unpaid Overtime Wages

In California, the general overtime provisions require that an employer shall not employ any person for
more than eight hours in any workday or more than 40 hours in any workweek unless he or she receives
one and one-half times his or her regular rate of pay for all hours worked over eight hours in any workday
and over 40 hours in the workweek. Lab Code § 510. Plaintiff and other inspectors at times worked more
than 8 hours in a day or 40 hours in a week. Because Altisource misclassified its inspectors as
independent contractors, Altisource violated Labor Code § 1194 by failing to pay Plaintiff and other
inspectors for all hours worked in excess of the overtime limits imposed by California law and the
applicable wage orders.

## Rest Period Violations

California law requires that employers must authorize and permit non-exempt employees to take a paid
rest period that must, insofar as practicable, be taken in the middle of each work period. The rest period is
based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes
for each four-hour work period, or major fraction thereof.  In *Brinker Restaurant Corp. v. Superior Court*,
53 Cal.4th 1004 (2012), the California Supreme Court held that employees are entitled to a 10-minute
paid rest period for shifts from 3½ to 6 hours in length, two 10-minute rest periods for shifts more than
6 hours up to 10 hours, and three 10-minute rest periods for shifts of more than 10 hours up to 14 hours.
*Id.* at 1029.

The plain language of California's Wage Orders relating to rest periods requires employers to count "rest
period time" as "hours worked for which ***there shall be no deduction from wages*." *See, e.g.*, Cal. Code
Regs. tit. 8, § 11040 subd. 12(A), italics added.[1] In *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864
(2013), the court interpreted this language to require employers to "separately compensate[ ]" employees
for rest periods where the employer uses an "activity based compensation system" that does not directly
compensate for rest periods. *Id.* at 872. In *Vaquero v. Stoneledge Furniture LLC*, 9 Cal. App. 5th 98
(2017), as modified (Mar. 20, 2017), *review denied* (June 21, 2017), the Court of Appeal held that the
wage order requirement that employees be separately paid for rest periods "applies equally to
commissioned employees". *Id.* at 111. Altisource paid Plaintiff and other inspectors on a per inspection

---

[1] The other Wage Orders contain the same provision.

basis. It did not separately pay Plaintiff and other similarly paid inspectors for their rest periods in conformity with California law within the last year.

Furthermore, on those shifts when Plaintiff and other aggrieved inspectors were not provided uninterrupted rest breaks of at least 10 minutes in compliance with California law, they were entitled to recovery under Labor Code § 226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation.  *See also* Cal. Code Regs. tit. 8, § 11040 subd. 12(B). Because it treated its inspectors as independent contractors, Altisource neither provided the required breaks or paid the break premiums to Plaintiff and other inspectors. Altisource has no policies regarding the provision of paid rest breaks for its inspectors.

## Meal Period Violations

In California, an employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than thirty minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. A second meal period of not less than thirty minutes is required if an employee works more than ten hours per day, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and employee only if the first meal period was not waived. Cal. Labor Code § 512; Cal. Code Regs. tit. 8, § 11040, subd. 11.  The applicable wage orders further provide: "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided." Cal. Code Regs. tit. 8, § 11040, subd. 11(D).

Altisource did not provide a meal period policy to Plaintiff. Because it treated its inspectors as independent contractors, Altisource did not provide the required meal periods to Plaintiff and other inspectors.  Accordingly, Altisource never paid Plaintiff or other similarly paid inspectors meal period premiums ("one (1) hour of pay at the employee's regular rate of compensation") for meal period violations.

## Inaccurate Wage Statements

Plaintiff and similarly aggrieved inspectors did not receive wage statements that complied with Labor Code § 226. This claim is derivative of Plaintiff's unpaid wages claims. If Altisource is found to have misclassified Plaintiff and its other inspectors as independent contractors, then it will have violated Section 226's requirements to provide a wage statement that lists the employee's wages, hourly rates, etc. As the above infractions explain, Plaintiff and similarly employed persons were entitled to overtime and premium wages that were not paid or listed on their wage statements and, therefore, are entitled to penalty payments pursuant to section 226.

## Civil Penalties

As a result of the foregoing, Altisource is liable for civil penalties as provided for by California law.

June 29, 2018
Page **6** of **6**

Consequently, Plaintiff and all other aggrieved inspectors of Altisource are entitled to recover all penalties permitted by the Labor Code and penalties provided for under California law, including but not limited to Labor Code § 2698 *et seq.*

<u>**Conclusion**</u>

Altisource violated and continues to violate the California law as described above.  Plaintiff requests the agency to investigate the above allegations and provide notice of the investigation and findings pursuant to PAGA's provisions.  Alternatively, Plaintiff requests that the agency inform him if it does not intend to investigate these violations so that he may file a lawsuit with respect to the allegations discussed in this letter.  Thank you for your immediate attention to this matter.  If you have any questions, please do not hesitate to contact me at (310) 982-2984.

Sincerely,
MOSS BOLLINGER, LLP

Dennis F. Moss